BUCHNER v. TITLE GUARANTY & SURETY CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

INSURANCE (§ 430*)—GUARANTY—LIABILITY INCURRED.

> An application for a bond guaranteeing the fidelity of an employé recited that the position of the employé was that of taking orders and delivering goods sent to him C. O. D. The application was signed and warranted by the employer. The employer, receiving orders from the employé and from customers, shipped goods to the employé, who distributed the same, and collected and remitted the proceeds. Goods not taken as ordered were retained by the employé in a storeroom until he could sell the same. The employer knew and approved of the practice. There was a shortage in the employé's accounts; but it could not be shown whether the shortage resulted from a failure to turn over money collected on C. O. D. orders, or from a misappropriation of goods, which the employer had permitted him to retain in the storehouse to sell to customers. *Held*, that insurer was not liable on the guaranty; the description of the employé's duties in the application being in fact misleading.

> [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 430.*]

Appeal from Trial Term, Kings County.

Action by Robert P. Buchner against the Title Guaranty & Surety Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Saul S. Myers (Louis Salant, on the brief), for appellant.
Adrian T. Kiernan, for respondent.

PER CURIAM. This is an appeal from a judgment of the Supreme Court in Kings county dismissing the complaint at the close of the plaintiff's evidence. This is the second time this controversy has been before this court for consideration. The plaintiff holds his cause of action by assignment from the firm of A. D. Matthews' Sons. That firm brought an action thereon in the Municipal Court in the borough of Brooklyn, and their complaint was dismissed at the close of their evidence. The judgment of dismissal was affirmed by this court without opinion. Thereafter the claim was assigned to the present plaintiff, and a new action was brought in the Supreme Court. The claim arises as follows:

The defendant issued a surety bond to A. D. Matthews' Sons, guaranteeing the fidelity of one White as an agent or employé of that firm. The bond was renewed from year to year. On March 25, 1908, during the continuance of the bond, White was found short in his accounts with his employer to an amount exceeding $500. This shortage resulted from the misappropriation by White of either cash received by him for the firm or goods of the firm left by it in his custody. According to the proofs, it was impossible to say from which, of either, or possibly a mingling of both, the shortage came. The firm made a claim upon the defendant for reimbursement to the extent of $500 under the surety bond. It appears that the bond was issued upon a written application, signed and warranted as to its statements by the employers of White, in which the following questions and answers appear:

6 (a) What will be the title of applicant's position?

    (a) Taking orders and delivering goods sent
    (b) to him C. O. D.

(b) Explain fully his duties in connection therewith.

At the time of this application, and during all the time the surety bond was in force, the course of dealing between the firm and White was as follows: White was their agent for the receipt of orders and the delivery of goods on C. O. D. orders at Huntington, Long Island. The firm conducted a large department store in Brooklyn. In addition to orders received direct from White, there was a large volume of C. O. D. orders received by mail from Huntington. The goods sent in response to the orders were shipped to White and distributed by him, and the cash proceeds collected by him and turned over to the firm. It happened, however, that many times the goods so sent C. O. D. were not taken by the parties ordering them, and in that event White either shipped them back to Brooklyn or retained them at Huntington in a storeroom until he could sell them to new customers. This practice was known to and approved by the firm, and

it happened frequently that White would keep goods of the firm in the storeroom as long as four months and amounting in value to sums exceeding a thousand dollars. When the crash came, and White's dishonesty became apparent, it was impossible to show whether the shortage resulted from a failure to turn over moneys actually collected on C. O. D. orders, or from a misappropriation of goods which the firm had permitted him to retain in his storehouse for the purpose of sale to customers other than those who had ordered them originally on C. O. D. orders.

This court was of opinion on the former appeal that, under these circumstances, the defendant was not liable upon the surety bond, because the answer to the question calling for a full explanation of White's duties in connection with his position did not state fully nor fairly truly the extent and nature of such duties. Nothing appears in the proofs taken in this action to lead to any change of opinion. The duties of White, as shown by the plaintiff's own proof, were not confined to "taking orders and delivering goods sent to him C. O. D.," as the application for the policy states; but he was in fact, in addition to said duties, the manager of a sort of branch shop of the firm at Huntington, with a fair supply of merchandise, making sales of goods to customers dealing with him directly, and possibly on credit. Taking the whole situation as it was shown to exist, the statement in the application, though probably not intended to mislead, was in fact misleading. While the defendant was willing to take the chances of White's fidelity in "taking orders and delivering goods sent to him C. O. D.," with the ordinary incidents of such services, including quick remittances of moneys collected or return of goods not delivered, it was quite another thing to guarantee White's conduct as the custodian of goods for months at a time, and as practically a shopkeeper in the sale of goods so kept by him.

The judgment should be affirmed, with costs.